```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION


JAIME ANDRADE,                    §
                                  §
            Plaintiff,            §
                                  §
v.                                §      CIVIL ACTION NO. H-09-2214
                                  §
TERMINAL LINK TEXAS, LLC          §
and ANDRE BECK,                   §
                                  §
            Defendants.           §
```

**MEMORANDUM OPINION AND ORDER**

Jaime Andrade brings this action against Terminal Link Texas, LLC ("TLT") and Andre Beck seeking damages for personal injuries Andrade suffered from a collision with a vehicle allegedly operated by Beck in the scope of his employment for TLT. Pending before the court is Plaintiff's Motion to Remand (Docket Entry No. 5), which argues that removal to this court was improper because Andrade and Beck are both residents of Texas. At issue is whether Beck is a proper defendant in this action. For the reasons explained below, the court will grant Andrade's motion.

**I.  Factual and Procedural Background**

This action arises from an accident on December 30, 2008, in Pasadena, Texas.[1] Andrade's Original Petition alleges that at the

---

[1] Plaintiff's Original Petition, Exhibit 2 attached to Notice of Removal, Docket Entry No. 1, p. 2.

time of the accident Andrade was sitting in the cab of a semi-truck awaiting pick up of a container. Beck, an employee of TLT, was operating a Yard Pencil Machine in an attempt to place a container in Andrade's truck. The Yard Pencil Machine hit the left rear of the semi-truck, damaging the chassis. Andrade alleges that he suffered personal injuries as a result of the collision.[2]

Andrade is an individual residing in Houston, Texas.[3] Beck is an individual residing in Texas City, Texas.[4] TLT is a limited liability company organized under the laws of Delaware, and is co-managed by CMA CGM, Inc., a New Jersey corporation with its principal place of business in Norfolk, Virginia, and Marine Terminals Corporation-East, a California corporation with its principal place of business in Savannah, Virginia.[5] Andrade's Petition alleges that TLT does business in Texas,[6] but Andrade has not argued that Texas is TLT's principal place of business.

Andrade filed suit against TLT and Beck for negligence in the 295th Judicial District Court of Harris County on June 5, 2009.[7] Andrade alleges that Beck "was acting in the course and scope of

---

[2] Id. at 3.

[3] Notice of Removal, Docket Entry No. 1, ¶ 1.

[4] Id. ¶ 3.

[5] Id. ¶ 2.

[6] Plaintiff's Original Petition, Exhibit 2 attached to Notice of Removal, Docket Entry No. 1, p. 1.

[7] Id.

his employment in furtherance of the business interests of [TLT]," and that he "operated his vehicle in a negligent manner."[8] TLT removed the action to this court on the basis of diversity jurisdiction on July 13, 2009 (Docket Entry No. 1). Andrade has moved to remand, arguing that removal was improper because Andrade and Beck are both residents of Texas; and thus, there is no diversity jurisdiction (Docket Entry No. 5).

## II. Applicable Law

### A. Standard of Review

A defendant has the right to remove a case to federal court when federal jurisdiction exists and the removal procedure is properly followed. 28 U.S.C. § 1441. The removing party bears the burden of establishing that a state court suit is properly removable to federal court. See Delgado v. Shell Oil Co., 231 F.3d 165, 178 n.25 (5th Cir. 2000); see also Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996) ("[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court."). Doubts about the propriety of removal are to be resolved in favor of remand. Manguno v. Prudential Prop. & Cas. Ins., 276 F.3d 720, 723 (5th Cir. 2002).

### B. Improper Joinder

If federal jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, an action is "removable only if none of the

---

[8] Id. at 2.

parties in interest properly joined and served as defendants is a citizen of the State in which [the] action is brought." 28 U.S.C. § 1441(b).  A case may be removed despite the presence of a resident defendant if the removing defendant shows that the resident defendant was fraudulently or improperly joined. Salazar v. Allstate Texas Lloyd's, Inc., 455 F.3d 571, 574 (5th Cir. 2006). The burden of persuasion on those who claim fraudulent joinder is a heavy one.  B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981).  To establish that a nondiverse defendant has been improperly joined for the purpose of defeating diversity jurisdiction the remaining party must prove either that there has been actual fraud in the pleading of jurisdictional facts or that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against that party in state court. Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc), cert. denied, 125 S.Ct. 1825 (2005).  "[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state [or nondiverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state [or nondiverse] defendant."  Id. at 573.

### III. Analysis

Andrade has moved for remand, arguing that removal of this action was improper because it failed to meet the requirement that

-4-

"none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Andrade argues that because Beck is a citizen of Texas and because Beck has been properly joined as a defendant in this negligence action, diversity jurisdiction under 28 U.S.C. § 1332(a) does not exist.

TLT argues that removal was proper because Beck was not properly joined as a defendant. TLT argues that "Plaintiff has failed to assert, and cannot assert, a valid cause of action against Beck personally" because "Mr. Beck cannot be personally liable to Plaintiff if he was employed by [TLT] and was acting in the course and scope of his employment with [TLT] as alleged."[9] TLT argues that Beck can have no liability to Andrade under the holding of the Texas Supreme Court in Leitch v. Hornsby, 935 S.W.2d 114 (Tex. 1996). TLT cites Leitch for the proposition that individual liability for an employee acting in the scope of employment only arises when that employee owes an independent duty of reasonable care to the injured party apart from the employer's duty.[10] This is an accurate statement of Texas law. See Leitch, 935 S.W.2d at 117. TLT then argues that "Leitch makes clear that [where the injured party alleges that an employee was acting in the

---

[9]Notice of Removal, Docket Entry No. 1, ¶¶ 13-15.

[10]Terminal Link Texas, LLC's Opposition to Motion to Remand, Docket Entry No. 6, p. 9.

scope of his employment] an employee is deemed not to be acting in his individual capacity."[11]

The same paragraph in Leitch that states the proposition cited by TLT also makes clear that when an employee is operating a vehicle in the scope of employment -- as Beck was in this instance -- the employee owes an independent duty to others to use reasonable care in operation of the vehicle:

> A corporate officer or agent can be liable to others, including other company employees, for his or her own negligence. However, individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty. [citations omitted] For example, an agent whose negligence causes an auto accident may be held individually liable along with his or her employer when driving in the course and scope of employment. See Schneider v. Esperanza Transmission Co., 744 S.W.2d 595, 596-97 (Tex. 1987) (liability for negligent entrustment "rests upon the combined negligence of the owner [employer] . . . and negligence of the driver"); Le Sage v. Pryor, 137 Tex. 455, 154 S.W.2d 446, 448 (App. 1941) (employer and employee subject to liability for auto accident). Because the agent owes a duty of reasonable care to the general public regardless of whether the auto accident occurs while driving for the employer, individual liability may attach. See Schneider, 744 S.W.2d at 596-97. Leitch, 935 S.W.2d at 117.

This action involves the precise situation in which an individual employee may be liable under Leitch. Rather than supporting TLT's position, Leitch makes clear that Beck, as a vehicle operator, owed an independent duty to Andrade to use reasonable care in his operation of the vehicle. It is well established that "a duty

---

[11] Id.

rests upon every driver of an automobile to exercise ordinary care in the operation of his car so as not to endanger the safety of others." Metzger v. Gambill, 37 S.W.2d 1077, 1079 (Tex. Civ. App. 1931).

Because Beck owed Andrade a duty of care in his operation of the vehicle and because Andrade's Petition alleges that Beck breached that duty through his negligence and thereby injured him, Beck is a proper defendant in this action. TLT has therefore failed to meet the "heavy burden" of establishing that joinder of Beck was fraudulent. See B., Inc. v. Miller, 663 F.2d at 549. The court will therefore grant Andrade's motion to remand.

## IV. Attorney's Fees and Costs

Andrade also seeks an award of attorney's fees and costs. 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has clarified that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 126 S.Ct. 704, 711 (2005).

TLT, as the removing party, bears the burden of establishing that a state court suit is properly removable. See Delgado, 231 F.3d at 178 n.25. TLT's removal motion relies entirely on the assertion that "Mr. Beck cannot be personally liable to Plaintiff

if he was employed by [TLT] and was acting in the course and scope of his employment with [TLT] as alleged."[12] The removal motion, however, provides no legal basis for this assertion. TLT argues in its Opposition to Andrade's Motion to Remand that Leitch establishes that "Mr. Beck owed no independent duty of care to plaintiff separate from the duties owed by his employer."[13] TLT also argues that plaintiff's request for attorney's fees should be denied because TLT "had a legitimate basis for removing the matter to federal court in light of the particular facts presented and the Texas Supreme Court's holding in Leitch v. Hornsby."[14] TLT's reliance on Leitch is misplaced. The very paragraph in Leitch that TLT cites in support of its assertion that Beck lacked an independent duty of care makes clear that a vehicle operator working in the scope of his employment owes an independent duty to the general public to use reasonable care in operation of the vehicle.[15] Rather than supporting TLT's position, Leitch shows quite clearly that removal was improper.

The court concludes that TLT lacked an objectively reasonable basis for seeking removal. Despite having the burden of establishing that removal was improper, TLT based its removal

---

[12]Notice of Removal, Docket Entry No. 1, ¶ 15.

[13]Terminal Link Texas, LLC's Opposition to Motion to Remand, Docket Entry No. 6, p. 8.

[14]Id. at 10.

[15]Id. at 9, citing Leitch, 935 S.W.2d at 117.

motion on a legal assertion -- "Mr. Beck cannot be personally liable to Plaintiff if he was employed by [TLT] and was acting in the course and scope of his employment with [TLT] as alleged"[16] -- without providing any legal support for this assertion. TLT then argued in its Opposition that its assertion was supported by the statement in Leitch that "individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty," when the very next sentence in that opinion makes clear that operation of a vehicle in the scope of employment is exactly the type of situation in which an independent duty of care arises. It is not reasonable for TLT to cite one sentence of an opinion in support of a proposition when the very next sentence of the opinion makes clear that that proposition is incorrect. The court concludes, therefore, that an award to Andrade of attorney's fees and costs is appropriate.

A party seeking reimbursement of attorney's fees has the burden of establishing the number of attorney hours expended, and can meet that burden only by presenting evidence that is adequate for the court to determine what hours should be included in the reimbursement. Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 324 (5th Cir.), cert. denied, 116 S.Ct. 173 (1995). Because Andrade has not presented any evidence of attorney's fees and costs related to removal and remand, the court cannot make an award of

---

[16]Notice of Removal, Docket Entry No. 1, p. 4 ¶ 9.

attorney's fees in this Memorandum Opinion and Order.  The court, however, retains jurisdiction after ordering a remand to award attorney's fees and costs pursuant to § 1447(c).  See Coward v. AC and S., Inc., 91 Fed. Appx. 919, 922 (5th Cir. 2004) ("[W]e hold that a district court is not divested of jurisdiction to award attorney fees and costs pursuant to § 1447(c) after a remand has been certified.").  The parties are encouraged to reach a resolution of the amount of Andrade's attorney's fees and costs. If they are unable to do so, Andrade may submit to the court an itemized accounting of attorney's fees and costs resulting from the removal and remand proceedings, and TLT shall have ten days thereafter to file objections.

## V. Conclusion and Order

The court concludes that because Beck is a proper defendant in this action and because Beck and Andrade are both residents of Texas, diversity jurisdiction does not exist in this action. Therefore, TLT's removal of this action was improper.  Plaintiff's Motion to Remand (Docket Entry No. 5) is **GRANTED**, and this action is **REMANDED** to the 295th District Court of Harris County, Texas. The clerk will provide a copy of this Memorandum Opinion and Order to the District Clerk of Harris County, Texas.

Andrade's request for attorney's fees and costs under 28 U.S.C. § 1447(c), made in Plaintiff's Motion to Remand (Docket Entry No. 5), is **GRANTED**.  If the parties are unable to reach a

-10-

resolution on the amount of Andrade's attorney's fees and costs, Andrade is **ORDERED** to file by January 6, 2010, a motion and supporting affidavit to establish the attorney's fees and costs it seeks.  TLT may respond within ten days after the filing of Andrade's motion.

    **SIGNED** at Houston, Texas, on this 18th day of December, 2009.

                                              SIM LAKE
                                UNITED STATES DISTRICT JUDGE